1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROYLAND RICE,                              No.  2:20-CV-1752-KJM-DMC-P

12                     Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14    A.W. BOULWARE, et al.,

15                     Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending

18    before the Court is Plaintiff's motion, ECF No. 7, for injunctive relief.

19            The legal principles applicable to requests for injunctive relief, such as a

20    temporary restraining order or preliminary injunction, are well established.  To prevail, the

21    moving party must show that irreparable injury is likely in the absence of an injunction.  See

22    Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

23    Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

24    standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

25    controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

26    1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

27    likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

28    injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff seeks an order directing Defendants to: (1) cease denying Plaintiff access to the prison law library; (2) cease denying "inmates in general" access to the law library; (3) cease retaliatory behavior against Plaintiff for assisting other inmates; (4) cease retaliation against Plaintiff by denying him access to the courts; (5) cease the "practice of using the COVID-19 pandemic as an excuse to deny prisoners access to the court(s)"; (6) cease the "unconstitutional practice of systematic interference with prisoners of Herlong, FCI, constitutional right of access to the court(s)"; and (7) clarify that prisoners have a right of access to the courts.  ECF No. 7.  According to Plaintiff, he will suffer irreparable injury in the absence of a court order.  See id.  Plaintiff states: "Here, should this Court not provide relief, the immediate and irreparable injury, as well as loss, will be the constitutional benefits and gains bequeath [sic] by the Supreme Court for prisoners."  Id. at 9.

The Court finds injunctive relief is not warranted because Plaintiff has not demonstrated he is likely to suffer irreparable harm.  To the extent Plaintiff is being denied access to the courts, he has a remedy at law in the form of the instant action.  Additionally, Plaintiff has not shown a likelihood of success on the merits of his First Amendment claim based on alleged denial of access to the courts because Plaintiff has not alleged an actual injury. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  See Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Plaintiff has not pointed to any prejudice with respect to contemplated or existing litigation.

/ / /

2

1   　　　　　Based on the foregoing, the undersigned recommends that Plaintiff's motion for

2   injunctive relief, ECF No. 7, be denied.

3   　　　　　These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5   after being served with these findings and recommendations, any party may file written objections

6   with the Court.  Responses to objections shall be filed within 14 days after service of objections.

7   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

8   Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   Dated:  November 23, 2020

11   _____

12   DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3