1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROYLAND RICE,                              No.  2:20-CV-1752-KJM-DMC-P

12                  Plaintiff,

13          v.                                   ORDER

14   A.W. BOULWARE, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action.  Pending

18   before the Court is Plaintiff's motion, ECF No. 15, for the appointment of counsel.

19          The United States Supreme Court has ruled that district courts lack authority to

20   require counsel to represent indigent prisoners in civil rights cases.  See Mallard v. United States

21   Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may

22   request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v.

23   Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

24   (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the

25   likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

26   own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.

27   Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

28   In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect

                                                  1

1    to appointment of counsel because:

2          . . . Terrell demonstrated sufficient writing ability and legal knowledge to
             articulate his claim.  The facts he alleged and the issues he raised were not
3             of substantial complexity.  The compelling evidence against Terrell made it
             extremely unlikely that he would succeed on the merits.
4
           Id. at 1017.
5

6          In the present case, the Court does not at this time find the required exceptional

7    circumstances.  According to Plaintiff, appointment of counsel is warranted because: (1) he is

8    indigent; (2) he has been granted in forma pauperis status; (3) he is incarcerated; (4) a trial will

9    likely involve conflicting testimony; and (5) he has been unable to retain counsel.  See ECF No.

10   15, pgs. 1-2.  These are not exceptional circumstances.  To the contrary, they are common among

11   inmate litigants.  Further, a review of the docket reflects that Plaintiff is able to articulate his

12   claims on his own.  Additionally, the legal and factual issues involved in this case, which asserts a

13   denial of access to the courts in violation of the First Amendment, are not overly complex.

14   Finally, at this early stage of the proceedings before any defendant has responded to the

15   complaint, the Court cannot say that Plaintiff has demonstrated any particular likelihood of

16   success on the merits.

17          Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

18   appointment of counsel, ECF No. 15, is denied.

19

20   Dated:  April 13, 2021

21                                          _____
                                            DENNIS M. COTA
22                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                    2