IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLAND RICE, | No. 2:20-CV-1752-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A.W. BOULWARE, et al., | |
| Defendants. | |

Plaintiff, a federal prisoner proceeding pro se, brings this civil rights action pursuant to Bivins v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Pending before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status under the "three strikes" provision of the Prison Litigation Reform Act (PLRA). See ECF No. 28.

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

///

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that, in the past, has injured him or others similarly situated, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

///

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

In their motion, Defendants argue that Plaintiff has accrued more than three prior "strikes" and, for this reason, he is not entitled to in forma pauperis status. See ECF No. 28-1. In support of their motion, Defendants have filed a request for judicial notice attaching district court decision in four of Plaintiff's prior cases. See ECF No. 28-2. The Court may take judicial notice of matters of public record, See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008), and will recommend that Defendants' request be granted.

The exhibits attached to Defendants' request for judicial notice show that at least four of Plaintiff's prior cases have been dismissed for failure to state a claim, as follows:

> Rice v. Gilvary, et al., Case No. 3:03-cv-00086-MJJ (PR) (N.D. Cal.) Dismissed on March 28, 2003, for failure to state a cognizable claim. See ECF No. 28-2, Exhibit A.
>
> Rice v. Schillinger, et al., Case No. C 11-02886 EJD (PR) (N.D. Cal.) Dismissed on November 8, 2011, for failure to state a cognizable claim. See ECF No. 28-2, Exhibit B-1.
>
> Rice v. Patton, Case No. C 12-06395 EJD (PR) (N.D. Cal.) Dismissed on January 28, 2013, for failure to state a cognizable claim. See ECF No. 28-2, Exhibit C-1.
>
> Rice v. Lewis, et al., Case No. C 13-00175 EJD (PR) (N.D. Cal.) Dismissed on February 13, 2013, for failure to state a cognizable claim. See ECF No. 28-2, Exhibit D-1.

The Court finds that these prior dismissals constitute "strikes" under 28 U.S.C. § 1915(g). The Court also finds that the imminent danger exception does not apply in this case. In his complaint, Plaintiff alleges violation of his rights under the First Amendment to access the prison law library in order to effectively petition the courts. See ECF No. 1. Plaintiff does not allege facts which suggest any imminent danger, nor does Plaintiff so allege in opposition to the

3

pending motion to revoke Plaintiff's in forma pauperis status. The Court, therefore, agrees with Defendants that Plaintiff's in forma pauperis status should be revoked.

Based on the foregoing, the undersigned recommends that:

1. Defendants' request for judicial notice, ECF No, 28-2, be granted;

2. Defendants' motion to revoke Plaintiff's in forma pauperis status, ECF No. 28, be granted;

3. Plaintiff's in forma pauperis status be revoked;

4. Plaintiff's motion, ECF No. 33, to add additional defendants be denied as moot; and

5. This action be dismissed without prejudice to refiling upon pre-payment of fees therefor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE